[Wharton *v.* Jones's Administrator.]

# Wharton *et al. v.* Jones's Administrator.

### *Bill in Equity to enjoin Judgment at Law.*

1. *Equitable set-off against judgment.* — A purchaser of lands at administrator's sale cannot maintain a bill in equity against the administrator, to enjoin a judgment at law on the notes for the purchase money, on the ground that he holds powers of attorney from the widow and the guardian of some of the infant distributees, authorizing him to receive and receipt for their distributive shares of the estate, and that the administrator's bond is insufficient.

2. *Damages on dissolution of injunction for delay.* — When a bill, seeking to enjoin a judgment at law shows no reasonable ground of relief, and is dismissed for want of equity, six per cent. damages on the judgment may be allowed (Rev. Code, § 3434), on the ground that the injunction was obtained for delay.

APPEAL from the Chancery Court of St. Clair.

Heard before the Hon. CHARLES TURNER.

The bill in this case was filed by B. B. Wharton, W. M. Wharton, and G. W. Wharton, against John C. Brown, as the administrator *de bonis non* of the estate of Hugh Jones, deceased ; and sought to enjoin a judgment at law which said administrator had obtained against the complainants, founded on a note given for the purchase money of land bought by said B. B. Wharton at said administrator's sale. An injunction was granted, on the filing of the bill, by Hon. B. B. Mc-Craw ; but, on final hearing on bill and answer, the bill was dismissed for want of equity, the injunction dissolved, and six per cent. damages on the judgment awarded, on the ground that the injunction was obtained for delay ; and this decree is now assigned as error.

JAMES AIKEN, for appellants. — 1. The bill shows a good equitable set-off against the judgment, as the distributive shares represented by the complainant exceed in value the amount of the judgment, and the administrator's bond is shown to be insufficient.

2. If the bill was defective, for the want of proper averments or parties, the defect might have been remedied by amendment ; and it should not have been dismissed, without giving the complainant an opportunity to amend. *Cain* v. *Gimon*, 36 Ala. 168 ; *Colbert* v. *Daniel*, 32 Ala. 314 ; Rev. Code, § 3354 ; 3 Wisconsin, 576.

3. No case was shown for the allowance of damages for delay. *Crawford* v. *Bank of Mobile*, 5 Ala. 55.

4. Where damages are allowable, only five per cent. can be awarded. Ordinance No. 35, Session Acts 1868, p. 182.

INZER & BOX, *contra.*

[*Wharton v. Jones's Administrator.*]

B. F. SAFFOLD, J.— The appeal is taken from a final decree dismissing the bill for want of equity, and taxing the appellants with six per cent. damages, on the ground of obtaining an injunction to stay proceedings in an action for delay. The appellants sought to restrain the collection of a judgment obtained against them on a note given for the purchase money of land belonging to the estate of Hugh Jones, sold by the appellee as administrator. The appellee was sheriff, and became the administrator by virtue of his office. The complainants' case is simply this : The principal debtor of them, B. B. Wharton, held a power of attorney from the widow of the decedent, to receive and receipt for whatever share of the estate she might be entitled to ; a like authority from the guardian of two minor children of a son of the decedent, who died subsequently to his father's death ; and an order by the guardian of another minor distributee drawn upon the administrator, but not accepted. The widow had relinquished her right of dower in consideration of a share of the proceeds of the sale of the real estate. These demands were alleged to be a proper offset in favor of the complainants against the judgment, and the injunction was invoked on the ground of the insufficiency of the administrator's bond. The relief prayed for was the ascertainment of the distributive shares which the complainant B. B. Wharton was authorized to receive, their set-off against the judgment, and a perpetual injunction of the judgment. The administrator was the only party made defendant. There was no averment that the distributees mentioned were indebted to the complainants, or that they were insolvent. It was not alleged who were the heirs and distributees, or whether the estate was free from debt. The answer alleges that the guardian's order was pleaded in the suit at law and adjudged against the complainants, and that, since the filing of the bill, the widow has revoked her power of attorney, and given another to another person.

The complainants have failed to show any interest in the estate of Hugh Jones, which entitles them to relief. As simple debtors, it is immaterial to them whether the administration bond is good or not. They have no right to satisfy the judgment against them with the distributive shares of those whose power of attorney they profess to hold, thus depriving them of the security afforded by the land, and their ready means of coercing payment by execution. The bill is not one to appropriate the shares of insolvent distributees to the payment of their debts.

There is such an absence of any ground of right, that we cannot say the injunction was not obtained for delay, thereby subjecting the complainants to the damages provided in sec-

tion 3434, Rev. Code. Ordinance No. 35 of the Convention of 1867 relates to damages on appeals in this court, and does not affect section 3434 of the Revised Code.

The decree is affirmed.